## QUINN v. BROWN ET AL.

1. **Conveyance**: FRAUD: EVIDENCE. Plaintiff's claim, that she was induced by her husband to sign a deed under a belief that it was a mortgage for a small amount, is not supported by the evidence.

2. ———: BLANK AS TO CONSIDERATION AND GRANTEE: SIGNATURE BY WIFE: INNOCENT PURCHASER. Where a wife joins her husband in executing and acknowledging a deed to land, with the consideration and grantee left blank, and leaves it with her husband, and he sells the land to an innocent purchaser for value, and inserts the consideration and the name of the purchaser in the deed, and delivers it to him, *held* that the wife cannot assail the title of the purchaser on the ground that she did not know what she was signing; and that the land may have included a part of her homestead is immaterial.

*Appeal from Dallas Circuit Court.*

MONDAY, MARCH 14.

ACTION in equity to set aside a conveyance of real estate. The relief asked was denied, and the plaintiff appeals.

*John R. Hunter*, for appellant.

*Cardell & Shortley*, for appellees.

SEEVERS, J.—The undisputed facts are that on the twenty-ninth day of May, 1884, the plaintiff and defendant John Quinn were husband and wife, and that said defendant owned the southeast quarter of section seventeen, in township eighty-

one, range twenty-nine, in Dallas county. They resided with their family on said premises as their homestead, which had never been platted, set apart, or in any way designated. But the house occupied by them, and the barn and out buildings, were all situate on the northeast quarter of the quarter section above referred to. On the day above stated, the defendant John Quinn conveyed the latter tract of land to the plaintiff, and on the same day said Quinn and the plaintiff executed and acknowledged a warrantee deed, in which the remainder of the quarter section was described, which was perfect in every respect as a conveyance, except that the name of the grantee and the consideration were blank. It was purposely so executed for reasons hereafter stated, as the defendants claim, and left in the hands of the defendant Quinn.

Sometime afterwards, and prior to September 10, 1884, a consideration of $2,400, and the name of the defendant Brown as grantee, were inserted in said deed by direction of the defendant Quinn, the same delivered to Brown, and duly recorded. This is the conveyance which the plaintiff asks to have set aside, on the grounds that it was procured by fraud; that she signed it under the belief, caused by the representations of her husband, that it was a mortgage for a comparatively small amount; and that the conveyance in blank, executed under the circumstances, is invalid.

It is apparent from the evidence that the plaintiff and her husband did not live happily together, and, shortly after the execution of the conveyances, the plaintiff applied for a divorce. As we understand, such action was dismissed.

The defendants claim that at the time the conveyances were made a separation and divorce were contemplated, and that the first conveyance was made by the defendant Quinn to the plaintiff as her proper share of the real estate, and that the deed in blank was executed for the express purpose of enabling said defendant to sell the land for the purpose of paying his debts. That he was indebted, clearly appears. This

theory is supported by the fact that said defendant executed what may be designated as a bill of sale to the plaintiff of certain personal property.

The plaintiff's theory is that she believed she was signing a mortgage only; she so testifies; and that she has no recollection of the conveyances, and that the same were obtained by fraudulent representations.

We find the fact to be that the plaintiff signed and acknowledged the blank deed with knowledge of the purpose for which it was executed. The plaintiff admits that about that time she was in great trouble, nervous and excited, and we may therefore well suppose that she is honestly of the belief that she signed the conveyance under the belief that it was a mortgage. But in our opinion the preponderance of the evidence is that she at the time had knowledge of what she signed, and the object and purpose of the conveyance, and why blanks were left for the insertion of the name of the grantee and the consideration. It was merely a part of a family arrangement, made necessary, as the parties thought, because of the unfortunate and unhappy relations existing between them. It may be possible that the plaintiff was to some extent deceived by her husband, but the pivotal question is, did she execute the deed in blank, and leave it with her husband? and as to this there is no doubt. She may not possibly have known the character of the instrument, but we think she did; and, as Brown had no knowledge that it had been fraudulently procured, and as we find he is a purchaser for value, he should be protected. *Swartz v. Ballou*, 47 Iowa, 188.

The fact that the homestead had not been platted or designated is immaterial, for the reason that the homestead character was divested by the conveyance to Brown. In fact, it was a sale and conveyance of that portion of the land; and, if it had included the whole quarter section, it would have been valid as a conveyance of the homestead.

                                                          AFFIRMED.