FRANK M. TYRRELL, ADMINISTRATOR, APPELLEE, V. EMMETT
KELLEY ET AL., APPELLANTS.

FILED MAY 15, 1920.   No. 20793.

1. **Homestead:** SELECTION: CONVEYANCE.   Where a homestead has
   actually been selected by a husband and work commenced upon the
   erection of a dwelling, which was afterwards completed and oc-
   cupied by the husband and wife as the family home until the
   death of the husband, the homestead character attached at the
   time that selection was made and work begun, and it could not
   afterwards be conveyed by the husband without the knowledge
   or consent of his wife.

2. **Deeds:** IMPLIED AUTHORITY TO FILL BLANK: REVOCATION.   The im-
   plied authority given by a wife to a husband to fill in a blank in
   a deed of conveyance, executed by both, with the name of a grantee,
   may be revoked by changed conditions after the deed has been
   signed by her.

3. **Wills:** BEQUEST TO WIFE: DEVISE OF HOMESTEAD.   A will which
   provided, "I give and bequeath all I possess to my wife Flora
   Kelley without any reservation of any kind," *held*, when considered
   in connection with other parts of the will and other facts, to evi-
   dence the intention of the testator to pass the title to the family
   homestead to his wife, and the failure to use the word "devise"
   is not controlling.

APPEAL from the district court for Lancaster county:
LEONARD A. FLANSBURG, JUDGE.   *Affirmed.*

*Peterson & Devoe* and *George W. Ayres*, for appel-
lants.

*J. C. McNerney* and *J. H. Walker, contra.*

MORRISSEY, C. J.
Action to quiet the title to a certain lot in Lincoln.
The issues involved are whether the title to the lot
was conveyed to defendants by the former owner, Frank
J. Kelley, or whether, if not so conveyed, his widow,
Flora Kelley, took the entire estate by his will, or only
took one-half interest in the property by the statute of
descent.

There being no bill of exceptions preserved, the court presumes that the evidence sustains the general and special findings made by the district court. The findings of fact respond to the allegations of the petition and are consistent therewith, and the only question left to determine is whether the conclusions of law and the judgment based thereon are warranted by such findings.

The facts as found, in substance, are as follows: Flora Kelley was married to Frank J. Kelley about 1880, and they lived together until the death of Frank J. Kelley in April, 1916. Flora Kelley died on or about May 29, 1917. No children were born of the marriage. The lot in question on January 3, 1914, was worth about $1,200, and the title was in Frank J. Kelley. This was all the real estate that either of the Kelleys owned. On that date Kelley represented to his wife that he had sold the lot for $1,200, and requested her to join with him in a deed of conveyance. He presented to her a deed with full covenants of warranty, but leaving a blank space for the name of a grantee. Relying on the statement that he had sold the lot for $1,200, Mrs. Kelley signed and acknowledged the deed. A few days before Kelley had staked and laid out on the lot a foundation for a house and had commenced its erection. Immediately after its completion the family moved into the house, and continued to occupy it as their home and homestead until the death of Kelley.

Afterwards, while occupying the premises and claiming to be the owner, Kelley and wife executed a mortgage to secure a loan of $1,000 made to Kelley. In the belief that the lot belonged to her, Mrs. Kelley, after the death of her husband, paid the mortgage debt from her own money and received a release. She continued to live in this property until her death, believing herself to be the owner.

In fact Kelley had never sold this property, and the representations he made to his wife to induce her to sign the deed were false. Shortly before his death he

caused to be written the name of Emmett Kelley as grantee in the deed, and handed it to one Ankeny, with directions to deliver the same to Emmett Kelley upon the death of Flora Kelley, and in the meantime not to disclose the fact that he held such a deed, and he also then declared that he had made the false statements and representations to Mrs. Kelley for the purpose of preventing the premises from becoming her property. After the death of Mrs. Kelley, Ankeny delivered the deed to Emmett Kelley, who caused it to be recorded, took possession of the premises, claiming title, and is now in possession. No consideration was paid by him for the conveyance.

Kelley made a will, which was duly probated. This provided, "I give and bequeath all I possess to my wife Flora Kelley without any reservation of any kind," and contained other provisions. A decree was rendered in county court finding that Flora Kelley was entitled to all the property under the will, and the court assigned the lot in question to her.

The district court made special findings that Flora Kelley believed when she signed and acknowledged the deed that her husband was selling the premises, as he had stated; that at the time the deed was made the premises were the homestead; that, if Kelley had implied authority to fill in the blank as to grantee, such implied authority had been revoked by changed conditions at the time he wrote in the name of Emmett Kelley, and that the attempt to thus make a gift of it was in excess of and in violation of any implied authority, and a fraud upon Flora Kelley. Conclusions of law were that the deed was void as to her, and conveyed no title to Emmett Kelley, and that, by virtue of the will of her husband and the decree of the county court, the widow became and was the lawful owner of the property at the time of her death. Decree was rendered accordingly.

The appellants admit that the evidence establishes the facts found by the court, but they contend that the conclusions of law are erroneous. It is argued that the deed in question complied with the statutory require-ments and conveyed every interest Mrs. Kelley had in the premises at that time; that the homestead charac-ter was afterwards acquired; that she had the benefit of the homestead estate by residing on the premises until her death, and at her death these rights became extin-guished, citing *Des Moines Ins. Co. v. McIntire*, 99 Ia. 50, and *Quinn v. Brown*, 71 Ia. 376. But the facts stated from which this conclusion is drawn are not as found by the court, and are incorrect; hence the cases cited are inapplicable. The court found that, at the time Frank J. Kelley fraudulently procured Mrs. Kelley to sign the deed, he had selected the premises as his home-stead. This vested a homestead interest in his wife of which he could not deprive her without her consent. *Hanlon v. Pollard*, 17 Neb. 368; *Davis v. Kelly*, 62 Neb. 642; *Hair v. Davenport*, 74 Neb. 117. The fact that the dwelling was only in process of erection is immaterial.

Having no children, if the will did not pass the whole estate to the widow, she took a life estate, and a one-half interest in fee in the property at her husband's death. The contention is made that, since the will does not mention real estate, and provided, "I give and be-queath all I possess to my wife," and the word "de-vise" was not employed, it only carried personalty. It is said that Kelley was a lawyer and knew the legal sig-nificance of the words "devise" and "bequeath," that the fact of his having the deed in his possession, which he intended to use to convey the real estate to his brother, and other circumstances, show that the inten-tion of the testator was that the will should only convey personal property. But the will was executed on April 14, 1915, and Kelley did not die until April, 1916. The answer admits that the deed "was by the said Frank J. Kelley duly and legally delivered to the said Emmett

Kelley by placing the same, shortly before his death, in the possession and control of Harry R. Ankeny." So that when the will was executed, the title was in Frank J. Kelley, and the real estate was one of his possessions. Furthermore, the will is not in the usual form, and its language is not such as is usually chosen by skilled and accurate lawyers. It is somewhat rambling, treats of personal debts due from the testator, and speaks of debts due him. It resembles more in these respects a memorandum of assets than a formal will. The argument based on the presumption that a lawyer would be punctilious and technically accurate in the use of words loses force when these facts are considered. It is also worthy of mention that the will recites, "I commend my surviving widow to the kindly offices and generous friendship of those who were friendly to me," showing a kindly and thoughtful consideration for the welfare of his wife.

We conclude that Kelley had no authority to fill the blank in the deed at the time it was done, and that the will passed his entire estate to his widow, reaching the same conclusion as did the district court, but upon slightly different grounds.

AFFIRMED.

FLANSBURG, J., not sitting.