Tyrrell v. Judson.

---

FRANK M. TYRRELL, ADMINISTRATOR, APPELLEE, V. CORA JUDSON, APPELLANT.

FILED JULY 7, 1924.  No. 22758.

1. **Gifts: DELIVERY AFTER DEATH.** A person having property may give the same in his lifetime directly to the donee, or by any suitable declaration co a third person for the use of the donee, authorizing such person to make delivery of the subject of the 'gift after the donor's death.

2. **Executors and Administrators: PERSONALTY. RIGHT OF POSSESSION.** An administrator is not entitled to recover property or its value as belonging to the estate of the decedent, as against defendant who is the equitable owner th ⁻of, in the absence of proof that there are creditors of ɔhe estate whose claims ur rights take precedence over that of the def ndant.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed.*

*J. C. McNerney* and *D. H. McClenahan,* for appellant.

*Tyrrell & Westover* and *Charles E. Matson, contra.*

Heard before ROSE, DEAN, and THOMPSON, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

Plaintiff sues as administrator of the estate of Flora Kelley, deceased, to recover the value of certain bonds alleged to be the property of his intestate, that the defendant had obtained possession thereof and converted the same to her

own use, and that it was necessary to collect the same to pay debts owing by the estate and to pay the necessary cost of administration.

The defendant's answer was a denial, and allegations to the effect that the property had in the decedent's lifetime been made the subject of a transaction whereby a joint tenancy of defendant and the decedent in the property had been created, or a gift thereof *causa mortis,* whereby in either case defendant became entitled to the property. Defendant further alleged that there were no unpaid debts of the estate, that an order barring claims had been made, and that plaintiff had on hand in excess of $700 belonging to the estate. The plaintiff replied that there were expenses of administration and expenses for buying a tombstone that were in excess of any money in his hands and it would be necessary to collect the remainder of the personal property belonging to the estate before said claims could be paid.

The case was tried to the court without the intervention of a jury, and judgment given for the plaintiff, from which judgment the defendant appeals.

The decedent obtained a box in the vault of the Lincoln Safety Deposit Company on May 4, 1917, and applied to the custodian of the vault to know: "How can I fix this box so, should anything happen to me, my sister would have possession of the contents?" Thereupon, pursuant to the advice of the custodian, a card which was held by the deposit company was prepared and signed by the decedent, "Mrs. Flora Kelley, and sister," with the addition of her address. The name and address of the sister (defendant) were also at the time noted on the card by the custodian. The card contained in its printed part this: "As joint tenants the survivor or survivors to have access thereto in case of death of either. Either has the power to appoint a deputy, either has the right to surrender the safe." The custodian testifies: "She seemed very much exhausted the day she was talking to me as though she didn't feel well, and she said she wanted it—she didn't know what might

happen and she wanted a box." After the transaction Mrs. Kelley departed, taking the key to the box, and, in a few days, died. Soon thereafter defendant found the key in the effects of decedent and, in company with plaintiff and his wife, visited the vault of the deposit company, examined the box, and there, in the presence of the plaintiff, removed the bonds, took them with her, and has ever since claimed them as her own.

It is claimed that the facts of this transaction are not sufficient to establish a joint tenancy of the decedent and the defendant in the bonds, and perhaps this is true. Yet we find respectable authority that would go far toward sustaining such a tenancy. *Kelly v. Beers,* 194 N. Y. 49, 128 Am. St. Rep. 543; *Halsted v. Central Savings Bank,* 36 Cal. App. 500. Joint tenancies, intentionally created, are recognized in this state. *Sanderson v. Everson,* 93 Neb. 606; *Neneman v. Rickley,* 110 Neb. 446. In this case, however, it is not shown that Mrs. Kelley intended to create such an estate, nor that she was advised of the attributes pertaining to that particular estate.

The thing present in her mind and which, according to the undisputed testimony, she desired to accomplish was that she should get the use of the box in the safety vault and arrange "so, should anything happen to me, my sister would have possession of the contents." She placed the bonds in the receptacle, and they were there upon her death. The deposit company had authentic directions that her sister was entitled to receive them under that condition. She had expressed no wish to retain other control over them and had not, prior to her death, returned to the box or by any act indicated a different intention, or desire to revoke what she had done. We find here present every element of a valid gift *causa mortis* as recognized by the courts in many cases. The language used by the donor leaves no room for doubt that her acts were in expectation or con-templation of death, by reason of which she was moved to make the gift. She appeared at the time, according to the testimony of Mrs. Tatum, very much exhausted and as

though she did not feel well. Within the same month she died. No other inference is warranted than that she died of that same illness. Upon the question of delivery, the intention of the donor is clearly ascertained and was fairly consummated within the meaning of well-established rules. It should not be thwarted by a narrow construction of what was intended for, and deemed by her, under all the information she is shown to have had, a sufficient delivery. *In re Estate of Podhajsky*, 137 Ia. 742; *Bostwick v. Mahaffy*, 48 Mich. 342; *Devol v. Dye*, 123 Ind. 321.

If anything further were needed to establish the right of the defendant as against the administrator, except for the one purpose hereinafter to be considered, to the property in controversy, it is in the fact that, prior to the commencement of this suit, all the other heirs of the deceased had executed, and there were filed in the county court, assignments by them transferring to the defendant their interest in the bonds.

The remaining theory under which the plaintiff administrator might assert a right to the property, as against both the assignment and the gift, is that it is necessary to be used for the payment of approved debts of the decedent or costs of administration. *Koslowski v. Newman*, 74 Neb. 704; *Seybold v. Grand Forks Nat. Bank*, 5 N. Dak. 460; *Bright v. Ecker*, 9 S. Dak. 192; *Ackerman v. Merle*, 137 Cal. 157. The allegations of his petition are that it is so necessary. The proof wholly fails so far as concerns the element of debts owing by the estate. It is shown that there are none. Upon the matter of costs of administration or other allowable expenses, all that is suggested by plaintiff is a tombstone costing $65, items of cost not detailed, but said by him to not exceed in all $50, and fees for his own services as administrator and attorney. The whole of decedent's property consisted of a residence property in Lincoln valued at $6,000 or $7,000, the bonds in controversy herein, and $1,177 in money, of which plaintiff still has on hand $720. He states that he expects to ask an allowance for his services of $1,000, but no allowance has been

asked or made in the county court. Nothing is shown to entitle him to a payment beyond the ordinary statutory commissions, except certain litigation which was had in the district court and terminated in this court in the case of *Tyrrell v. Kelley,* 104 Neb. 555, and which involved the title to said residence property. In that case, as it turned out, the actual conflict of claims was as between the Kelleys, claiming under a deed, and this defendant, Judson, and others, claiming as heirs of Mrs. Kelley. It was decided in the district court and affirmed in this court that the property was the homestead of the decedent. Therefore it did not become assets of the estate and the estate derived no benefit from the litigation. *Judson v. Creighton,* 88 Neb. 37; *Cooley v. Jansen,* 54 Neb. 33. That case was finally disposed of in this court in May, 1920. The administrator had been appointed in June, 1917. He made no report of his acts until December, 1920, more than three years later. No mention is made therein of said litigation or of any claim or charge made or to be made on account thereof. The only other litigation mentioned in the testimony, in which services were rendered which are to be the subject of a charge, is a suit by the administrator in an attempt to collect rent of the homestead property, which terminated in the county court adversely to the administrator, and this present suit. It need hardly be said that the expense of conducting this present suit could not, in the absence of other grounds, be considered as a basis to authorize its maintenance. We are not determining whether the administrator is to be allowed compensation as attorney in said litigation, nor the amount thereof. That is primarily the business of the county court. It is, however, incumbent upon him here, if he would maintain his action, to plead and prove a definite tangible ground upon which the court should act in requiring surrender by the defendant of property to which she is otherwise entitled. This, we think it plain, he has not done; and although this court, contrary to the rule adopted in some others, has held that an administrator who is also an attorney may be allowed compensation for his

services as such attorney, it is said that, if such services were necessary for the proper administration of the estate and were beneficial thereto, the court in its discretion may allow reasonable compensation therefor. *In re Estate of Wilson*, 83 Neb. 252. The only basis presented in the instant case by the administrator for recovery of any costs or expenses of administration, that would equal or exceed the amount already in his hands; is that he expects to charge $1,000 for his services. That is not sufficient to support the judgment.

The affirmance without opinion is set aside, the judgment of the district court is reversed and the cause remanded for further proceedings consistent herewith.

REVERSED.

Note—See Gifts, 28 C. J. p. 694, sec. 109; Executors and Administrators, 23 C. J. p. 1194, sec. 434.