Maxwell, J.
On the fifteenth day of April, 1874, Bowker, Kennard and Wheeler recovered a judgment in the district court of Pawnee county, against G. W. Collins and W. li. B. Stout, for the sum of $718.12 and costs of suit. Collins at that time was the owner of the undivided half of the north-east quarter of section seventeen, township one, north of range eleven, east, in Pawnee county, which appears to have been unoccupied. On or about the sixteenth day of October, 1874, the defendant Collins removed with his family on to the land in question, and has ever since resided thereon. On the eighth day of February, 1875, an execution was issued out of the district court of Pawnee county, on the judgment heretofore mentioned, and was levied on the interest of Collins in the above described land. On the thirteenth day of February, 1875, the defendant Collins served a notice on the sheriff that he claimed the land above described as a homestead; the land was sold to W. JEL B. Stout. After-wards, on motion of Collins, the sale was set aside, on the ground that the land in question was exempt from sale under the homestead law, to which the plaintiffs excepted, and now bring the case into this court- by petition in error.
*498 “The statute makes it a material condition, to the exemption of the property, that it is owned and occupied by a resident of this state; the word ‘homestead’ means a place of residence, which again implies occupancy, possession.” Upham v. Bank, 15 Wis 453. “If the property is not a homestead, when the judgment is obtained, it is a lien upon it. The property not being a homestead, in other words, not being exempt when the judgment is obtained, the judgment creditor has a right to levy upon it to the exclusion of other adverse interests subsequent to the judgment, and when the levy is made, the title of the creditor relates back to the judgment, so as to cut off intermediate incumbrances.” Ib., 452.
In Fogg v. Fogg, 40 N. H., 285, the plaintiff had no other real estate; the buildings were erected by him, for the purpose of being occupied as his family home, and just completed and ready for his family. lie had commenced moving in before the attachment, and. had got in a substantial part of the furniture, intending to finish that day, and would have done so, but for the attachment. Under these circumstances, the plaintiff was considered as being in possession, at the time of the levy of the attachment.
. It is clearly shown, that the lien of the judgment had attached to the lands in question, at the time Collins entered thereon for the purpose of claiming. the same as a homestead; does the right of homestead attach in such a case so as to defeat the lien of the judgment? "We think not. The law evidently requires that the lands to be selected as a homestead, shall be actually used for that purpose at the time the judgment is recovered. The homestead law being remedial in its character, should’ receive the most liberal construction consistent with justice, for the purpose of preserving a home to the unfortunate. But it must not be forgotten, that the payment of just obligations is the foundation on which *499 rests onr industrial and commercial prosperity. And the design of the homestead law. is not to enable those claiming its benefits to evade the payment- of debts justly due, but to prevent the household being broken up and destroyed; and to leave under the control of the debtor the means by which he may by economy retrieve his fortune, .and be enabled in time to meet his obligations. But lands not occupied for homestead purposes, at the time judgment was recovered, it is reasonable to suppose were used as a means of obtaining credit; theii; occupation. at that time, not being considered necessary for the purpose of preserving a home for the family.
A party cannot be permitted to defeat the payment of his just debts, by afterwards removing thereon and asserting a claim of homestead. To sanction such doctrine, under the pretext of liberality of construction of the homestead law, opens the door to gross abuse and fraud, and offers a premium to dishonesty — -while hut few of those for whom the homestead law was designed .would be benefited thereby.
The judgment of the district court is therefore reversed, and the cause remanded for further proceedings.
Reversed and remanded.