MARY C. HANLON ET AL., PLAINTIFFS IN ERROR, V. CATHERINE POLLARD, DEFENDANT IN ERROR.

Homestead.    A head of a family without a homestead purchasing a piece of property within the homestead limit as to quantity and value, with the *bona fide* purpose and intention of residing thereon as a permanent homestead, but who is temporarily prevented from occupying the same, by reason of the unexpired term of a tenant thereon existing at the time of such purchase, or other transient cause, and who does enter and reside upon the same within a reasonable time and without unnecessary delay, and continues to reside thereon, will take the same free of the lien of a judgment existing at the time of such purchase, or. which may be rendered previous to the actual occupancy or residing on such homestead.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*Thurston & Hall*, for plaintiffs in error.

*Charles H. Brown* and *J. J. O'Conner*, for defendant in error.

COBB, CH. J.

An order to pay a deficiency on a sale of mortgaged premises was entered in the district court in favor of the plaintiff in error, Hanlon, and against the defendant in error. Execution was issued thereon, and placed in the hands of the plaintiff in error, Guy, the sheriff of the county, who proceeded to levy the same on certain real estate as the property of the defendant in error, and to advertise the same for sale. The defendant in error claimed the said real estate as her exempt homestead, and commenced an action against the plaintiffs in error, and enjoined the sale of said real estate.

Upon the trial there was a finding for the plaintiff in said action, and a judgment making said injunction perpetual; and the defendants bring the cause to this court on error.

The sole error alleged is, that "the judgment in said cause should have been for the defendants and not for the plaintiff upon the pleadings and testimony."

There are two distinct propositions discussed in the briefs. The first, as to the legality of the deficiency order against the defendant in error, upon which the execution issued; and the second, as to whether the land in question was exempt as the homestead of the defendant in error from the lien and levy of the said execution. It is deemed necessary to discuss the second question only.

It appears from the bill of exceptions that in the fall of

24

1879 the defendant in error was a divorced woman with a family of children, the homestead on which she had resided up to that time having been mortgaged by herself and former husband. The mortgage was foreclosed, the property sold, the sale confirmed, and she ordered to pay a deficiency; and it was upon such deficiency order that her subsequently acquired homestead was sought to be sold.

This deficiency order was entered at the February term of said court, 1880.

It further appears that in the month of October previous, the defendant in error finding herself without a home for herself and family, purchased and received a deed therefor from one John Byrnes and wife, the eighty acre tract of land in question, on which there was a dwelling-house. The land and dwelling-house at the time she purchased it was occupied by a tenant whose lease would not expire until the first day of March following. This purchase was made for the purpose and with the intent on the part of the defendant in error to make it her home, and to occupy it as a homestead for herself and her family as soon as she could obtain the possession of it, which she intended and expected to do immediately upon the termination of the said tenant's lease. The manner in which she obtained the money to pay for the land, together with a consideration of her circumstances and condition of life, leave no room for doubt on that subject even were the direct testimony to that effect not satisfactory. The tenant vacated the premises on the 23d day of February, 1880, and the defendant in error immediately moved into the house, and has occupied the same with her family ever since. But on the 9th day of the same month, fourteen days before the actual occupancy of the homestead by the defendant in error, the said deficiency order was entered against her, an execution issued thereon, placed in the hands of the sheriff, and the same levied on the said property.

The question then for our consideration is, whether under

these facts plaintiffs in error were rightly enjoined from selling the homestead on execution. The first section of the homestead law then and now in force is as follows:

"Section 1. A homestead not exceeding in value $2,000 consisting of the dwelling-house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding 160 acres of land to be selected by the owner thereof, and not in any incorporated city or village, or instead thereof at the option of the claimant a quantity of contiguous land not exceeding two lots within any incorporated city or village, shall be exempt from judgment liens and from execution or forced sale, except as in this chapter provided." Comp. Stat., Ch. 36.

It is contended by plaintiffs in error that actual residence on the homestead from the very inception of the proceedings is indispensable to the existence of the right of exemption. But this is clearly not so in cases where the claimant owns two properties from either of which a homestead may be selected.

If it be conceded that in cases where at the rendition of a judgment the defendant is not actually residing on the homestead the judgment lien will attach to it, does it necessarily follow that such judgment and lien can be enforced by a sale of the property, although the same be almost immediately occupied by the defendant in such proceeding in pursuance of a previous intention to occupy it as a homestead? I think not. By the language of the statute the homestead within the prescribed limits as to extent and value, "including the dwelling-house in which the claimant resides," shall be exempt from judgment liens, and from execution or forced sale. I think that under a liberal construction of the law, and it should be liberally construed in favor of the people for whose protection it was enacted, it must be held that a purchase of a piece of land within the statutory limits as to quantity and value

with the *bona fide* intention of presently residing on it, or of residing on it as soon as some temporary obstacle to such residence can be removed, or some necessary preparation for residence can be made, is equivalent to actual residence for the purpose of exemption from lien, levy, and forced sale.   In the above view we but follow the law as expressed by the supreme courts of Kansas, Iowa, New Hampshire, Kentucky, and Illinois, in the cases cited by counsel for defendant in error.   In the former state, in the case of *Edwards v. Fry*, 9 Kas., 417, Brewer, J., in delivering the opinion of the court, said: "We know that the purchase of a homestead and the removal on to it cannot be made momentarily contemporaneous.   It takes time for a party in possession to move out, and then more time for the purchaser to move in.   Repairs may have to be made, or buildings partially or wholly erected.   Now the law does not wait till all this has been done and the purchaser actually settled in his new home before attaching to it the inviolability of a homestead.   A purchase of a homestead with a view to occupancy, followed by occupany within a reasonable time, may secure *ab initio* a homestead inviolability."   This case has been followed by the same court in the cases of *Monroe v. May, Weil & Co.*, Id., 466, and *Gilworth, v. Cody*, 21 Id., 702.   Under the law of Illinois the approval and recording of a collector's bond attaches as a lien not only to the lands then owned by the principal but also to after acquired lands the same as in the case of a judgment.   But in the case of *Crawford et al. v. Richeson et al.*, 101 Ill., 357, it was held by the supreme court that, where a collector who had given such bond "purchases land for a homestead and within a reasonable time thereafter moves upon and occupies it as such, the land so bought will be considered as becoming his homestead from the time of acquiring the title, and the lien will not attach, although a short space of time may have intervened between its purchase and occupancy."   The cases cited from the other states named

above are all to the same effect, but it is not deemed necessary to cite them further. Being fully satisfied from the evidence· that the defendant in error purchased the premises in question in good faith for the purpose and with the manifest intention of making them her homestead, and that she went into the occupancy of the same within a reasonable time in pursuance of such purpose and intention, such acts, purpose, and intention on her part are deemed equivalent to actual residence on the property at the date of the entry of the deficiency order against her, and continuously thereafter.

I therefore think the judgment of the district court right, and it is affirmed.

JUDGMENT AFFIRMED.

THE other· judges concur.