## EDITH I. TOMLINSON v. KANDIYOHI COUNTY BANK.[1]

March 6, 1925.

No. 24,429.

**Homestead laws liberally construed.**

1. The general rule is that homestead laws are to be liberally construed so as to advance the beneficial object and carry out the manifest purpose of the legislature.

**Homestead exemption.**

2. Under our statute the homestead exemption is not alone for the husband and his protection, but for the benefit of the wife and children as well. It is not only a privilege but an absolute right.

**Effect on homestead right of death of spouse who holds fee title.**

3. While the estate rests where it was at the time the premises were appropriated as a homestead, yet, upon the death of the spouse holding the fee title, the surviving spouse takes the homestead right,

[1]Reported in 202 N. W. 494.

not by any right of survivorship but as property set aside by law from decedent's estate for the benefit of the surviving spouse and children.

**Conveyance of homestead right induced by fraud may be avoided in equity.**
4. Where the wife has been wrongfully induced by fraud or deception to release her homestead rights, either by her husband or by a third party, she is entitled, in a court of equity, to have such conveyance set aside and to be restored to her legal rights.

**Findings sustained.**
5. Evidence considered and *held* sufficient to justify the findings made by the trial court.

*Headnote 1.  See Homestead, 29 C. J. pp. 787, 788, § 15.
Headnote 2.  See Homestead, 29 C. J. p. 783, § 2; p. 784, § 6.
Headnote 3.  See Homestead, 29 C. J. p. 994, § 470; p. 1003, § 490.
Headnote 4.  See Homestead, 29 C. J. p. 903, § 296; p. 925, § 332.
Headnote 5.  See Homestead, 29 C. J. p. 927, § 337 (1926 Anno).

Action in the district court for Le Sueur county. The case was tried before Tifft, J., who ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*H. L. & J. W. Schmitt, H. W. Volk* and *George H. Otterness,* for appellant.

*Francis Cadwell* and *W. H. Leeman,* for respondent.

QUINN, J.

Plaintiff is the wife of Fred W. Tomlinson, who holds title in fee to the premises in question, which he and his wife, with their children, have occupied as their homestead for about 20 years. This action was brought by the wife to have a mortgage canceled and discharged of record, which she signed but claims was never delivered. The complaint is dated August 29, 1922, and the cause was tried in November, 1923. Findings were made and judgment ordered in favor of the plaintiff. From an order denying its motion for amended findings or for a new trial, defendant appealed.

Fred W. Tomlinson had purchased a number of brood sows from one E. S. Barker of Kandiyohi county, giving his two promis-

sory notes in settlement therefor. Subsequently these notes were assigned to the defendant bank. Some of the sows proved not to be of the quality represented and Tomlinson returned them to Barker, who received them, but no settlement was ever had between the parties. Payments were made on the notes so that, on June 7, 1921, there was unpaid a balance of $3,934 thereon. On that day one Benton, collector for the defendant bank, called upon Mr. Tomlinson at his home in Le Sueur and demanded payment of the notes or security for the payment thereof. Mr. Tomlinson refused to either pay the notes in full or secure them unless the price of the sows, returned to Barker, be credited thereon, but he informed Benton, that if given credit for the sows which were returned, he would secure that balance then unpaid on the two notes.

After considerable parleying, it was agreed that they would draw up a mortgage upon the homestead for the full amount of the notes and then drive to Willmar, where Barker lived, and try to get a settlement. Benton then prepared a note and mortgage for the full amount, but, before it was signed, Tomlinson, in the presence of his wife and Benton, stated that, if they signed the note and mortgage there, it was not to take effect or be delivered until a settlement was had with Barker and the proceeds thereof applied on the note. Accordingly, the mortgage and note were signed and returned to Mr. Tomlinson, who put them in his pocket, and they started to Willmar. A settlement was perfected with Barker, he giving his note payable to Tomlinson for the sum of $1,500, then the bank obtained the note of $1,500 from Tomlinson and had him guarantee payment thereof. The bank also obtained the note and mortgage covering the homestead from Tomlinson and caused the mortgage to be recorded. As to the talk between the parties had at the time of the signing of the mortgage, Mr. Tomlinson testified as follows:

"I talked in front of him (Benton) and in front of (the plaintiff), that these papers were not to be used at all unless I could make this settlement with Barker for these sows and have the amount applied on the notes and that it was just the matter of accommodating

him, letting him make the papers then instead of waiting until we got to Willmar."

The plaintiff testified, relative to that talk, as follows:

"(My husband) said we would sign the note and mortgage, but we wouldn't deliver it, it wouldn't be good unless we could make a satisfactory settlement with Mr. Barker and we are ready to start as soon as we sign those papers for Willmar."

The trial court found that the plaintiff signed the note and mortgage in reliance upon such agreements; that the same was not to be delivered until the amount due from Barker was determined and applied on the indebtedness; that the sum of $2,745 has been paid defendant thereon; that there was no delivery of said note and mortgage; that the plaintiff has never, in any manner, abandoned or modified the conditions upon which the mortgage was signed. A careful reading of the record satisfies us that the findings and order of the trial court are amply justified by the proofs.

The homestead rights in this state are fixed by sections 6957 to 6962, G. S. 1913. Section 6960 provides that title to the homestead may be vested in either spouse and the exemption shall extend to the debts of either or both. Section 6962 provides that, if the owner shall die leaving a spouse or minor children, constituting his or her family, surviving, the homestead exemption shall not be affected by such death.

The general rule is that homestead laws are to be liberally construed so as to advance their beneficial object and to carry out the manifest purpose of the legislature. 13 R. C. L. 547, and cases cited. Under our statute it has been held that a wife has an interest in the homestead of herself and husband, although the legal title thereto is in him and she is entitled to the peaceful and quiet enjoyment thereof, and that any unlawful invasion of such rights is a legal wrong against her. Lesch v. G. N. Ry. Co. 97 Minn. 503, 106 N. W. 955, 7 L. R. A. (N. S.) 93. The homestead exemption is not alone for the husband and his protection, but for the benefit of the wife and the children as well. It is not only a privilege but an absolute right. Dye v. Mann, 10 Mich. 291; McKee v. Wilcox,

11 Mich. 358, 83 Am. Dec. 743; Riggs v. Sterling, 60 Mich. 643, 27 N. W. 705, 1 Am. St. 554.

While the estate rests where it was at the time the premises were appropriated as a homestead, yet, upon the death of the spouse holding the fee title, the surviving spouse takes the homestead right, not by virtue of any right of survivorship, but as property set apart by law from decedent's estate for the benefit of the surviving spouse and the children, if there be any. In no manner does a homestead statute yield to the principles of equity. The policy of the statute is to preserve the home to the family even at the sacrifice of just demands. It is in pursuance of this purpose that no operative conveyance or effectual release of the homestead exemption can be made, unless the mode pointed out by the statute is pursued. Grace v. Grace, 96 Minn. 294, 104 N. W. 969, 4 L. R. A. (N. S.) 786, 113 Am. St. 625, 6 Ann. Cas. 952; Paxton v. Sutton. 53 Neb. 81, 73 N. W. 221, 68 Am. St. 589; McPhee v. O'Rourke, 10 Colo. 301, 15 Pac. 420, 3 Am. St. 579. From the foregoing it is obvious that, if the wife has been wrongfully induced by fraud or deception to sign a release or conveyance of their homestead rights, either by her husband or by a third party, she is entitled, in a court of equity, to have such a conveyance set aside and to be restored to her rights. Spiegel v. Spiegel, 64 Mich. 345, 31 N. W. 328, 8 Am. St. 826; Eyster v. Matheway, 50 Ill. 521, 99 Am. Dec. 537; Coles v. Yorks, 28 Minn. 464, 10 N. W. 775; note, 9 L. R. A. 804.

It is elementary that delivery is essential to the validity of a deed or mortgage. It is the final act which consummates the execution of the instrument. It is as necessary as the seal or signature of the grantor and, without it, all other formalities are ineffectual. The trial court found that the mortgage was never delivered. The finding is clearly justified by the evidence. Pettis v. McLarne, 135 Minn. 269, 160 N. W. 691. Such being the facts, the instrument, sought to be foreclosed, is not the contract of the plaintiff and the property covered thereby, being plaintiff's homestead, the instrument is void under the statute and she is entitled to have the conveyance canceled of record and to be restored to her rights. An examination of the record, in connection with the other assignments,

discloses no reason for further discussion as we find no reversible error.

Affirmed.