HELEN WELCH V. PAUL FALK: DAVE FALK ET AL., APPELLANTS: PAGE LUMBER & HARDWARE STORE, INC., APPELLEE.

291 N. W. 488

FILED MARCH 29, 1940. No. 30794.

*James P. Marron*, for appellants.

*Norman Gonderinger, Charles D. Hitch* and *W. J. Hammond*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This appeal involves the question of whether or not a judgment is a lien superior to a claim of homestead against the undivided one-seventh interest of the defendant Dave Falk in a half-section of land in Holt county, Nebraska.

The facts recited in this paragraph are not disputed. Matilda Caroline Falk, the owner of the one-half section of land here involved, died September 29, 1933. Each of her seven children, including the defendant, Dave Falk, inherited an undivided one-seventh interest in the property. The probate of her estate has been completed. The defendant, Page Lumber & Hardware Store, Inc. (formerly J. E. Smith Lumber Company), hereinafter called the judgment creditor, on February 26, 1934, obtained a judgment in the county court of Holt county for $971.25 against the defendants Dave Falk and his wife, Joy Falk. On February 27, 1934, this judgment was transcripted to the district court for Holt county, and duly recorded in the judgment records. Several executions were issued (the last on December 2, 1936), which were returned unsatisfied. The judgment has not been paid.

Defendant Dave Falk contends that his interest in the real estate is not subject to the lien of appellee's judgment for the reason that, prior to the recording of the judgment in the district court for Holt county, he, his wife, and family had occupied the premises as a homestead, that such occupancy has continued at all times since, and that his interest is exempt from the judgment lien to the extent of $2,000.

The judgment creditor contends that its judgment is a lien upon the undivided interest of Dave Falk in the premises; that Dave Falk went into possession after its judgment lien attached, and under a lease from the administrator, and that its judgment is superior to the alleged homestead lien.

The lien of the judgment attached to any real estate subject thereto on February 27, 1934. Comp. St. 1929, sec. 27-532; *Work v. Brown*, 38 Neb. 498, 56 N. W. 1082.

The trial court found that Dave Falk and wife had no right of homestead exemption as against the lien of the judgment and entered a decree that the judgment was a lien against the undivided interest of the defendant Falk.

The defendants Dave Falk and his wife filed a motion for a new trial for the reasons that the decision is not sup-

ported by sufficient evidence and is contrary to law. Defendants also alleged newly discovered evidence. The motion for a new trial was overruled, and defendants appeal.

The defendant Dave Falk testified that he was married and the father of two children; that he purchased a house in Page, February 15, 1934, that on February 16 he moved it onto the premises, moved his family thereon February 19, and has resided there since; that he bought and moved the house upon the premises with intent to occupy the same as a home. He offered in evidence a receipt for $40, dated February 15, 1934, reciting "payment on house."

On March 2, 1934, he entered into a written lease with the administrator of his mother's estate, whereby he leased for one year the part of the premises which he occupied and claims as a homestead. He testified that he moved the house onto the premises before he entered into the lease.

Mrs. Falk corroborated her husband as to the dates of purchase of the building, the moving it onto the premises, and the date of occupancy. Four witnesses who assisted in the moving testified for the defendants. One of these corroborated the defendant positively as to dates. Of the other three, one testified that the house was moved "in the spring" —he "would say" "in February;" another, "it was along in February, I would judge;" another, "it was in February, I imagine," that was "what the other folks have said, and that is my recollection." None of the last three testified positively as to dates.

Paul Falk, a brother of the defendant, testified for the judgment creditor that he had a verbal lease, made in February, 1934, with the administrator for the entire half-section; that on or about the 2d or 3d of March, 1934, the administrator, the attorney for the estate, and the defendant called upon him and asked that he surrender a part of the land and allow the defendant to lease it, that the defendant wanted to move away from the land where he was then living, and that "it would protect the heirs." The witness agreed that the defendant could have a part of the land and that the lease would be dated back to March 1.

The defendant was cross-examined as to this conversation, and, while admitting that they "evidently" had the conversation, repeatedly answered that he did not remember either the substance of the conversation or when it took place, and "couldn't say" that he had moved the buildings onto the place at the time of the conversation. The witness Paul Falk positively testified that the defendant moved the buildings onto the land after the conversation, about the middle of March. The witness further testified that both he and the defendant were in possession of the land under leases from the administrator and accounted to him for rents until the estate was closed in 1936.

Mr. Wilbur, vice-president of the judgment creditor, testified that the buildings were not on the premises on February 26, nor for several days thereafter; that he saw the building being moved from Page; that it was after the judgment was entered, probably within thirty days thereafter.

Therefore, there was a clear-cut dispute in the evidence, both as to the time the defendant conceived the plan of moving upon the premises, and as to the time that he actually moved thereon. The trial court heard this testimony, observed the witnesses, their manner of testifying, and obviously resolved the questions of fact in favor of the judgment creditor, and against the defendants. We have carefully reviewed the record and reach the same conclusion.

Where a judgment has become a lien against real estate and subsequently a right of homestead attaches thereto, the lien of the judgment is not displaced and remains paramount to the claim of a homestead exemption. *Bowker v. Collins*, 4 Neb. 494; *Paxton v. Sutton*, 53 Neb. 81, 73 N. W. 221; 3 Neb. Law Bulletin, 148; 29 C. J. 860; 13 R. C. L. 615, sec. 75; *First State Bank of Gackle v. Fischer*, 67 N. Dak. 400, 272 N. W. 752, 110 A. L. R. 878, and cases there cited.

The conclusion here reached makes it unnecessary to determine the contentions of defendants that a homestead may be had in real estate under the facts here existing.

We have examined the showing of newly discovered evi-

dence. It was not discussed in defendant's brief. We will not detail it. Were that evidence before us, it would not change the conclusion here made.

The judgment of the trial court is

AFFIRMED.