In the Matter of Cecil **STATHAM**, Bankrupt.

Cecil **STATHAM**, Bankrupt-Appellant,

v.

W. Stanley **RIDDLE**, Jr., Trustee-Appellee.

No. 72-1260.

United States Court of Appeals, Ninth Circuit.

Aug. 7, 1973.

Certiorari Denied Dec. 3, 1973.

See 94 S.Ct. 578.

Jack Steinberg (argued), Seattle, Wash., for bankrupt-appellant.

W. Stanley Riddle, Jr. (argued in pro. per.), of Riddle & Hines, Seattle, Wash., for trustee-appellee.

OPINION

Before CHAMBERS, CARTER and GOODWIN, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant Statham attacks the constitutionality of the Homestead Laws of the State of Washington under the

Equal Protection Clause of the Fourteenth Amendment.

On August 16, 1970, appellant, a single man without dependents, recorded a declaration of homestead on real property in the State of Washington. The following day, August 17, 1970, he filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. Thereafter he claimed the real property as exempt under Washington law. The Bankruptcy Act laws exemptions provided by State law, Section 6 of the Act, 11 U.S.C. § 24.

The claim was disallowed by the trustee and the referee, and a petition for review was denied by the district court.

Statutes of the State of Washington permit a homestead to be selected by an unmarried person who is the head of a family. R.C.W. 6.12.020. "Head of a Family" is defined as a person who has residing on the premises with him [or her] and under his [or her] care and maintenance various relations listed therein. R.C.W. 6.12.290(2)(a) through (e).

R.C.W. 6.12.290(1) lists as the head of a family:

> "The husband or wife, when the claimant is a married person; or a widow or widower still residing upon the premises occupied by her or him as a home while married."

Otherwise, a single person is not included as eligible for a homestead.

■ In the field of economics and social welfare, legislation does not violate the Equal Protection Clause of the Fourteenth Amendment if "the State's action be rationally based and free from invidious discrimination." Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970) (Aid for Dependent Children); accord McGowan v. Maryland, 366 U.S. 420, 425–428, 81 S.Ct. 1101, 6 L.Ed.2d 393 (Sunday Blue Laws).

In United States v. Kras, 409 U.S. 434, 446, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) the Court held that "bankruptcy legislation is in the area of economics and social welfare. . . . This being so, the applicable standard, in measuring the propriety of Congress' classification, is that of rational justification." (Citing *Dandridge, supra, inter alia.*) The Court also held there was no due process or equal protection right to a discharge in bankruptcy without payment of the required filing fees. The Court rejected Kras' claim that bankruptcy involved a fundamental interest and represented the sole means of discharging one's debts, at least for the poor. The Court said, "We see no fundamental interest that is gained or lost depending on the availability of a discharge in bankruptcy." *Id.* at 445, 93 S.Ct. at 638. And further, "There is no constitutional right to obtain a discharge of one's debt in bankruptcy." *Id.* at 446, 93 S.Ct. at 638. See Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971) (Social Security Act).

■ We hold that the State of Washington, in its statutes concerning homesteads, had a rational basis for the legislation and its treatment of a single person without dependents.[1] By reasonable inference from the scheme of the Washington statutes, they evince a legislative purpose to protect the "family" from loss of its homestead in case of economic distress. Appellant argues that the scheme instead exists to protect not only the family, but the individual debtor himself—including single debtors without dependents such as appellant. We cannot agree. The "head of a family" and his family are clearly the persons protected, defined broadly to include certain dependents not members of one's immediate family.

■ Appellant points out that the statute does protect single persons with-

---

1. That classification does not endanger a fundamental personal right. *See* Weber v. Aetna Cas. & Sur. Co., 406 U.S. 164,

92 S.Ct. 1400, 31 L.Ed.2d 768 (1972) (legitimacy).

out dependents, who also happen to be widow(er)s still living in the former marital domicile. We think that protection of the former family, one of whose members has died, from the loss of the homestead at such a tragic time, constitutes a rational basis for differentiating between widow(er)s and other single persons without dependents who by definition would not be subject to such a loss.

The judgment is affirmed.