**In the Matter of Robert G. ALLISON, Debtor.**

**Bankruptcy No. BK96–41820.**

United States Bankruptcy Court, D. Nebraska.

April 11, 1997.

Ronald Sanchez, North Platte, NE, for First National Bank.

Bert E. Blackwell, McCook, NE, for Debtor.

Philip M. Kelly, Scottsbluff, NE, Chapter 7 Standing Trustee.

## *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this case the First National Bank ("First National") has objected to debtor's claim of a homestead exemption under Nebraska law. The objection is denied.

### FACTS

The debtor's bankruptcy schedules and statement of financial affairs, claim a homestead exemption under Neb.Rev.Stat. § 40–101 with respect to a home with a market value of $8,805.00. The debtor is disabled and receives social security disability benefits

and Medicaid. He suffers from alcoholism and back spasms. The debtor lives in the home with his adult daughter, Alenna. She receives food stamps and aid to dependent children. Alenna's son, Daniel Allison, who is 6 years of age and suffers from severe allergies, also resides in the home. In a broad sense, the debtor, his adult daughter, Alenna, and her child, Daniel, are an extended family who have pooled their family resources to survive and to live in a home valued at only $8,805.00. First National seeks to deprive them of the benefit of the homestead exemption and to liquidate the home for the benefit of creditors. First National holds an unsecured claim in this bankruptcy case.

## LAW

The Nebraska Homestead Exemption is statutory and provides as follows:

A homestead not exceeding ten thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner, and not in any incorporated city or village, or, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40–101 to 40–116.

Neb.Rev.Stat. § 40–101.

The Nebraska Homestead is available to a head of family which is defined as follows:

The phrase head of a family, as used in sections 40–101 to 40–116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:

(1) His or her minor child or the minor child of his or her deceased wife or husband;

(2) A minor brother or sister or the minor child of a deceased brother or sister;

(3) A father, mother, grandfather, or grandmother;

(4) The father, mother, grandfather, or grandmother of a deceased husband or wife;

(5) An unmarried sister, brother, or any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves; or

(6) A surviving spouse who resides in property which would have qualified for a homestead exemption if the deceased spouse were still alive and married to the surviving spouse.

Neb.Rev.Stat. § 40–115.

The Nebraska Supreme Court has stated, "[T]he homestead law should be liberally construed in favor of those for whose benefit it was enacted." *Landon v. Pettijohn*, 231 Neb. 837, 843, 438 N.W.2d 757, 761 (1989), citing *Horn v. Gates*, 155 Neb. 667, 671, 53 N.W.2d 84, 86 (1952), which in turn was citing *First Nat. Bank of Tekamah v. McClanahan*, 83 Neb. 706, 120 N.W. 185 (1909).

The Nebraska Homestead Exemption has long been viewed as protecting the family unit and is available only to a head of family. The issue in this case is whether the debtor qualifies as a head of family. First National asserts that the debtor does not qualify as head of family because his daughter did not reside in the home until after she reached the age of majority and there is evidence that she can support herself. In addition, First National argues that § 40–115 does not bestow head of family status upon one who cares for a minor grandchild residing in the home.

The debtor argues that his home qualifies as a homestead because he is a head of family as defined in Neb.Rev.Stat. Ann. § 40–115. The debtor admits that he did not occupy the home with his daughter until after she reached the age of majority. However, he claims that under § 40–115(5), he is a head of family because he cares for his daughter who is unable to care for or support herself. In the alternative, the debtor argues that § 40–115 should be broadly construed to include within the definition of head of family, one who is providing care and maintenance for a grandchild residing in the home.

I conclude that the debtor qualifies as head of family under § 40–115(5) because his adult daughter resides with him and she is not able to support herself. Although Alenna worked for a period of time as a cashier at a place of employment some forty miles from the homestead, she was laid off from her job after only a few months. Alenna has not been able to regain employment because of lack of a local job market, lack of dependable transportation, and the fact that she needs to stay at home and care for her father and son. The debtor's daughter is a single mother with a son who has severe allergies. She has less than a high school education. There is no local job market in which she can gain employment. The nearest place for her to obtain employment is nearly forty miles away and she has no dependable means of transportation. For these reasons, I find that she is unable to support herself and that her father, the debtor herein, qualifies as a head of family under § 40–115(5). Accordingly, the debtor may claim the family's home as exempt under the Nebraska Homestead Exemption.

IT IS THEREFORE ORDERED, that First National's Objection to Debtor's Claim of Exemption (Fil.# 8) is denied.

IT IS SO ORDERED.