**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-6092NE
_____

In re:                                        *
                                              *
Charles Ellis Roberts, Maria Ann Roberts,     *
                                              *
     Debtors.                                 *
                                              *
James J. Stumpf,                              *    Appeal from the United States
                                              *    Bankruptcy Court for the
     Trustee - Appellant,                     *    District of Nebraska
                                              *
          v.                                  *
                                              *
Charles Ellis Roberts, Maria Ann Roberts,     *
                                              *
     Debtors - Appellees.                     *

_____

Submitted:  February 12, 1998
Filed: March 6, 1998

_____

Before WILLIAM A. HILL, SCHERMER, and SCOTT, Bankruptcy
Judges.

_____

WILLIAM A. HILL, Bankruptcy Judge.


     The Chapter 7 trustee, James J. Stumpf ("trustee"),
appeals the order of the bankruptcy court[1] allowing the
debtors, Charles Ellis and Maria Ann Roberts ("the Roberts"),

_____

[1]The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy
Judge for the District of Nebraska.

to claim a homestead exemption under Section 40-102 of the Nebraska Homestead Act ("Act"), Nebraska Revised Statutes §§ 40-101 to 40-116. The trustee contends that because neither of the Roberts is a statutory "head of a family," they fail to qualify for the exemption pursuant to Section 40-115, which the trustee contends preconditions qualification for the exemption. For the following reasons, we affirm the judgment of the bankruptcy court.

## I. BACKGROUND

The Roberts filed their voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 14, 1997. At that time, they were married, but separated. Their marriage produced no children, and no other individual qualifying as a dependent under the Act lived with them during their marriage.

In their petition, the Roberts claimed a homestead exemption in what had been their marital abode prior to their separation, and in which one of them resided on the petition date. The trustee timely objected to this claim. At the hearing on the trustee's objection, the Roberts stipulated that neither of them met the definitional attributes of the term "head of a family."

In its July 1997 order, the bankruptcy court ruled that the Roberts qualified for a homestead exemption pursuant to Section 40-102 of the Act. The court disposed of the trustee's arguments to the contrary by finding that married individuals need not qualify as "head of a family" under Section 40-115 in order to claim the Nebraska homestead exemption.

On appeal, the trustee argues that only an individual who is a "head of a family" may claim a homestead exemption under the Act.  He contends that this requirement extends to all claimants of homestead exemptions, regardless of their marital status.  Further, the trustee argues that Section 40-102 does not create an independent means by which a married person who is not a "head of a family" may claim a homestead exemption, but merely provides the method by which married and unmarried homestead claimants may select their homestead property.

The Roberts counter that the Act allows married homestead claimants an exemption, regardless of whether they qualify as the "head of a family" under Section 40-115.  They contend that Section 40-102 operates to create this exemption right, independent of the requirements of Section 40-115.

## II.    STANDARD OF REVIEW

On appeal, the bankruptcy court's findings of fact are reviewed for clear error and its legal determinations are reviewed de novo.  O'Neal v. Southwest Mo. Bank of Carthage (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997); Natkin & Co. v. Myers (In re Rine & Rine Auctioneers, Inc.), 74 F.3d 848, 851 (8th Cir. 1996);  Hartford Cas. Ins. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 214 B.R. 197, 199 (B.A.P. 8th Cir. 1997);  see also Fed. R. Bankr. P. 8013.[2] "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L.Ed. 746 (1948));  see United States v. Garrido, 38 F.3d 981, 984 (8th Cir. 1994);

---

[2]Rule 8013 of the Federal Rules of Bankruptcy Procedure reads, in pertinent part, as follows:

> Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed. R. Bankr. P. 8013.

4

<u>Chamberlain v. Kula (In re Kula)</u>, 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

# III. DISCUSSION OF LAW

We begin by examining the statutes pertinent to this appeal. On the date the Roberts filed their bankruptcy petition, Section 40-101 of the Act provided, in relevant part, as follows:

> A homestead not exceeding ten thousand dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, . . . and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40-101 to 40-116.

Neb. Rev. Stat. § 40-101. Section 40-102, upon which the Roberts base their claim for an exemption, further provides:

> If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property. When the claimant is not married, but is the head of a family within the meaning of section 40-115, the homestead may be selected from any of his or her property.

Neb. Rev. Stat. § 40-102. Section 40-115, upon which the trustee's argument largely turns, reads as follows:

> The phrase head of a family, as used in sections 40-101 to 40-116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:
> (1)    His or her minor child or the minor child of his or her deceased        wife or husband;
> (2)    A minor brother or sister or the minor child of a deceased        brother or sister;
> (3)    A father, mother, grandfather, or grandmother;
> (4)    The father, mother, grandfather, or grandmother of a deceased        husband or wife;

6

(5)     An unmarried sister, brother, or any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves;  or

> (6)     A surviving spouse who resides in property which would have      qualified for a homestead exemption if the deceased spouse were      still alive and married to the surviving spouse.

Neb. Rev. Stat. § 40-115.

Both the Roberts and the trustee find ample support for their respective positions in this matter in the existing case law on this subject.  The issue of who is entitled to claim a Nebraska homestead exemption is in great ferment in the bankruptcy courts of Nebraska, as well as in recent decisions emanating from the Supreme Court of Nebraska.  Conflict abounds in the case law on this subject.

In the Nebraska bankruptcy courts, two competing positions have emerged on this point.  In one line of cases, the availability of the Nebraska homestead exemption has been restricted to only those individuals who qualify as a "head of a family."  See  In re Roush, 215 B.R. 592, 593 (Bankr. D. Neb. 1997);  In re Allison, 209 B.R. 494, 495 (Bankr. D. Neb. 1997);  In re Foulk, 134 B.R. 929, 930-31 (Bankr. D. Neb. 1991);  In re Coonrod, 135 B.R. 375, 377 (Bankr. D. Neb. 1991);  In re Nachtigal, 82 B.R. 533, 534-35 (Bankr. D. Neb. 1988);  Hartmann v. Wolf (In re Hartman), 19 B.R. 844, 845 (Bankr. D. Neb. 1982).

More recently, in the order of the bankruptcy court which now forms the subject of this appeal, another court has held otherwise.[3]  Here the bankruptcy court has relied upon two

---

[3]This split in authority was recently recognized in In re Roush, 215 B.R. 592, 593 n.2 (Bankr. D. Neb. 1997), where the bankruptcy court stated, "Chief Judge Mahoney recently ruled that the Nebraska homestead exemption is available to a married person without children.  See In re Roberts, 211 B.R. 696 (Bankr. D. Neb. 1997). But see § 40-105, which arguably addresses the question of who may claim the homestead. . . ."

decisions from the Supreme Court of Nebraska, <u>Brusha v. Phipps</u>, 126 N.W. 856 (Neb. 1910), and <u>Palmer v. Sawyer</u>, 103 N.W. 1088 (Neb. 1905), to support its holding that an individual's status of being married is, alone, sufficient to create in that person the right to claim a homestead, irrespective of whether he or she is a "head of a household." However,

as was noted by the bankruptcy court, at the time these decisions were handed down, husbands were statutorily defined as "heads of families" under the Nebraska Homestead Act. Only in 1979 was the Act amended to eliminate this mandate.

Nevertheless, a more recent decision from the Supreme Court of Nebraska carries forward its earlier interpretations that a married person may claim a homestead exemption simply on the basis of marital status, and thus, supports the bankruptcy court's order in this matter. In <u>Landon v. Pettijohn</u>, 231 Neb. 837, 438 N.W.2d 757 (1989), the court discussed the purpose and effect of Section 40-102 with the following:

> This statute, in addition to delineating which property may be selected as the homestead, defines the persons who are entitled to make the selection. Under § 40-102, a homestead can only arise where the claimant is married or, if not married, where the claimant is the head of family as defined by Neb. Rev. Stat. § 40-115 (Reissue 1988).

<u>Id.</u> at 840, 438 N.W.2d at 759.[4]  In this passage, the court read Section 40-102 as we do, that is, in the disjunctive.

---

[4]The case law emanating from the court is slightly disarrayed on these points, however. In <u>Horace Mann Companies v. Pinaire</u>, 248 Neb. 640, 538 N.W.2d 168 (1995), the court glossed over the issues we now face in reaching its ultimate conclusion that two spouses may not each claim a $10,000.00 homestead exemption in subject property. In doing so, the court restated the bankruptcy court's holding in <u>In re Foulk</u> that "the Nebraska homestead exemption was available only to a head of household."  <u>Id.</u> at 650, 538 N.W.2d at 173-74.  <u>Pinaire</u>, however, does not address the definitional import of Section 40-102, and is thus distinguishable from <u>Landon</u>, which directly interprets the statute. Therefore <u>Pinaire</u> is also distinguishable from, and is not controlling precedent in, the matter at hand.

While the trustee would impute to any claimant the requirement that he or she meet the definition of "head of a family," our reading of Section 40-102 does not prescribe the same result. Section 40-102 clearly contemplates that a married person may claim a

11

homestead exemption, without the requirement that he or she be a "head of a family," as the statute otherwise requires of all unmarried claimants.

It is true, as the trustee asserts, that Section 40-102 discusses the choices a qualified homestead exemption claimant has in selecting property upon which to base his or her claim, by providing, as to married persons, "that the homestead may be selected from the separate property of the husband or, with the consent of the wife, from her separate property," Lincoln Lumber Co. v. Elston, 1 Neb.App. 741, 746, 511 N.W.2d 162, 166 (1993). However, the section additionally "*defines the persons who are entitled to make the selection*." Landon v. Pettijohn, 231 Neb. 837, 840, 438 N.W.2d 757, 760 (1989) (emphasis added). The category of individuals entitled to claim a homestead exemption, and who are thus entitled to select the property that constitutes their homestead, includes married persons, irrespective of the status of "head of a family." We thus are in agreement with the bankruptcy court's assessment of this matter: "Only if [a] claimant is not married does one need to refer to the definition of "head of household" in [Section] 40-115 to determine if the claimant qualifies for the exemption."

Lastly, we note that resort to statutory interpretation is unnecessary in this matter. Absent anything indicating to the contrary, the language of a statute must be given its plain and ordinary meaning. Proctor v. Minnesota Mut. Fire & Cas., 248 Neb. 289, 295, 534 N.W.2d 326, 331(1995). Where the words of a statute are "plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning." Hamilton v. Hamilton, 242 Neb. 687, 693, 496 N.W.2d 507, 512 (1993); Gatewood v. Powell, 1 Neb.App. 749, 753, 511 N.W.2d 159, 161 (1993).

12

## IV.  CONCLUSION

For the reasons stated above, the order of the bankruptcy court is AFFIRMED.

A true copy.

Attest:

    CLERK, U.S. BANKRUPTCY APPELLATE PANEL, EIGHTH
    CIRCUIT.