In re Estate of Raymond K. Snyder.
Harvey A. Neumeister, Personal Representative of the Estate of Raymond Snyder, also known as Raymond K. Snyder, deceased, appellant, v. Karen Botelho et al., appellees.

348 N.W.2d 136

Filed May 11, 1984. No. 83-441.

Edwin A. Getscher, and Harvey A. Neumeister and Kent J. Neumeister, for appellant.

Lora L. Damme, and Jay W. Longinaker of Eaton & Longinaker, for appellees.

Krivosha, C.J., White, and Caporale, JJ., and McCown and Brodkey, JJ., Retired.

White, J.

This is an appeal from an order on final accounting and settlement by Harvey A. Neumeister, per-

sonal representative and attorney for the estate of Raymond K. Snyder. In its order the district court affirmed the order of the county court setting the fee for the services of appellant Neumeister as personal representative and attorney at $9,000, including all expenses advanced by appellant. The district court further directed the refunding of $3,900 of the $12,900 which appellant had paid himself for services as personal representative and attorney. The district court did, as do we, review the case for error appearing on the record. See Neb. Rev. Stat. §§ 30-1601 and 24-541.06 (Cum. Supp. 1982).

Appellant assigns as error:

The County Court of Otoe County violated both the vested contractual rights and the vested property rights of Mr. Harvey A. Neumeister as the personal representative, attorney, and farm manager in the estate of Raymond Snyder. Upon appeal, the District Court of Otoe County failed to vindicate those same two rights of Mr. Neumeister.

At the hearing on the final accounting, evidence was introduced by appellant of a fee and expense agreement between the three heirs of Raymond Snyder and appellant. The appellees, who are grandchildren of Snyder, did not deny the conversation took place, but maintained that the appellant did not perform certain services, e.g., completing a sale of an 80-acre farm in Iowa, and that the estate proceedings were needlessly prolonged and unnecessary expenses were incurred.

In passing we note that the recommended maximum time for the complete handling of a complicated estate in our proposed rules is 18 months.

Raymond Snyder died testate on September 18, 1978, and the estate proceedings were immediately opened. An inventory was not filed until September 17, 1979, nearly 1 year after death. Except for an 80-acre tract in Iowa, the assets consisted of tools and furniture valued at less than $1,500, cash assets

of $147,418.52, and a promissory note. From opening to closing, the proceedings took longer than 4 years. It would needlessly encumber this opinion, as well as to tax patience, to attempt to recite in detail the claimed services of the personal representative. The ancillary proceeding in Iowa was handled by another lawyer, yet the appellant claims that the time spent administering what appears to be an uncomplicated estate was in excess of 1,200 hours, or, stated in different terms, over 150 working days of 8 hours each. Appellant maintains much of the time expense was incurred in the management of the 80-acre farm, though his authority to do so is not readily apparent from the record. In view of the total farm receipts of less than $22,000 over the relevant time period, the farm was overmanaged.

We agree with the county court and the district court in their conclusions that the fee and expenses were excessive.

The review of the compensation was conducted by the county court under Neb. Rev. Stat. § 30-2482(1) (Cum. Supp. 1982), which provides in part:

> After notice to all interested persons or on petition of an interested person . . . the reasonableness of the compensation determined by the personal representative for his or her own services, may be reviewed by the court. Any person who has received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds.

It is the appellant's contention that the ordered reduction, and the statute, insofar as it authorizes the reduction, is violative of his due process rights and purports to impair the obligation of a contract. As these issues were not directed to either the county court or to the district court, we will not consider the issues. A prerequisite to the consideration of the constitutionality of a statute on appeal is the proper raising of the issue in the trial court. *State v. Olson,*

*ante* p. 130, 347 N.W.2d 862 (1984); *State v. Smyth,* *ante* p. 153, 347 N.W.2d 859 (1984).

The judgment of the district court is affirmed.

AFFIRMED.