IN RE ESTATE OF ONETA PEARL NICHOLSON, DECEASED.
EDWINA ROESENER, COPERSONAL REPRESENTATIVE OF THE
ESTATE OF ONETA PEARL NICHOLSON, DECEASED, APPELLEE, V.
JANE BROUGHTON, COPERSONAL REPRESENTATIVE OF THE ESTATE
OF ONETA PEARL NICHOLSON, DECEASED, APPELLANT.

488 N.W.2d 554

Filed September 11, 1992.   No. S-89-1166.

Bert E. Blackwell for appellant.

Lance C. Antonson, of Hines & Hines Lawyers, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from the allowance of an attorney fee in a probate case. After a hearing, the county court for Chase County allowed an attorney fee of $12,726.73 for the attorney of the appellee, Edwina Roesener, one of the two copersonal representatives of the estate of Oneta Pearl Nicholson. The decedent was also known by three other names: Oneta Pearl Belau, Oneta Pearl Edwards, and Oneta Pearl Cecil. Copersonal representative Jane Broughton appealed the allowance of the fee to the district court for Chase County, where the order of the county court was affirmed. Broughton timely appealed to this court, where the sole assignment of error is that the district court erred "when it upheld the award [of the attorney fee] and held that Nebraska R.R.S. §30-2482 [Reissue 1989] shifts the burden of proof to the challenger of attorney's fees." We affirm.

We initially note that the transcript herein contains

approximately 30 pages of briefs and copies of cases filed by the parties in the district court. Filing such items in a transcript to this court only causes unnecessary expense and waste of time for all concerned. Such material should not be in a transcript. See *Pierce v. City of Ogallala*, 221 Neb. 433, 378 N.W.2d 140 (1985).

The record before us shows the following facts: Nicholson died on October 27, 1987, leaving a will. We do not know the terms of the will or the size of the estate. It appears that the decedent was married several times. We do know that there was a will contest with some unnamed heirs of the decedent and that the contest was ultimately settled. We also know that appellant and appellee were appointed copersonal representatives and that there was constant friction between them—escalating, on one occasion, into physical violence. Appellant submitted a claim for medical bills totaling $43 for the treatment of injuries allegedly received as a result of one incident between the two. For most of the time of the probate, all communications between the two had to be handled through the attorneys representing each of them.

With regard to the attorney fee for appellee's attorney, the record shows that the parties agreed that each copersonal representative should have a separate attorney to be paid at the rate of $75 per hour. Appellant's attorney received a fee of $4,000. This amount was not disputed. The record shows that the attorney for appellee did the majority of the work on the estate, including preparation for the will contest, business leases, inheritance taxes, and income taxes. In its determination of the reasonableness of the fee for appellee's attorney, the county court had to be aware of the extensive attorney involvement in this case caused by the personal problems of the two copersonal representatives. The record before the district court and this court supports the fact that more involvement of attorneys was necessary in this case than in the ordinary case.

At the hearing on the attorney fee for appellee's attorney, appellee testified that she had examined her attorney's claim for services rendered and had checked each expense item. She testified that she felt the claim was a fair and reasonable statement of the time and services set out in his bill.

The review of the compensation of appellee's attorney was conducted by the county court under Neb. Rev. Stat. § 30-2482(1) (Reissue 1989), which provides:

> After notice to all interested persons or on petition of an interested person . . . the reasonableness of the compensation determined by the personal representative for his or her own services, may be reviewed by the court. Any person who has received excessive compensation from an estate for services rendered may be ordered to make appropriate refunds.

The "Comment" following § 30-2482 states, in part, "But, the code's theory that personal representatives may fix their own fees *and* those of estate attorneys marks an important departure from much existing practice under which fees are determined by the court in the first instance." (Emphasis in original.) The county court set the attorney fee at $12,726.73, after deducting $1,200 from the claim. The district court affirmed, stating that § 30-2482 places the burden on the challenger to show excessive compensation. We agree.

We have held that in reviewing the award of attorney fees in cases arising under § 30-2482, the standard of review in the district court and appellate courts is for error appearing on the record. *In re Estate of Snyder*, 217 Neb. 356, 348 N.W.2d 136 (1984). There is no error appearing on the record in this case. The order of the district court affirming the order of the county court is affirmed.

AFFIRMED.