IN RE ESTATE OF DELPHINE C. WAGNER, DECEASED.
KERRIGAN & LINE, A PARTNERSHIP, APPELLANT, V.
CLARA MAE LANGE AND CLARINDA FOOTE,
COPERSONAL REPRESENTATIVES OF THE ESTATE OF
DELPHINE C. WAGNER, DECEASED, APPELLEES.

571 N.W.2d 76

Filed December 12, 1997.   No. S-95-1024.

William G. Line, of Kerrigan & Line, for appellant.

Kelle J. Westland, of Raynor, Rensch & Pfeiffer, for appellee Foote, and, on brief, Darrell K. Stock, of Snyder & Stock, for appellee Lange.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

William G. Line, a partner in the Kerrigan & Line law firm (the partnership), represented Clara Mae Lange and Clarinda Foote as the copersonal representatives of the estate of Delphine C. Wagner. Throughout the probate proceedings, Darrell Stock acted as cocounsel to Line. For their services, Line and Stock were paid $49,500, which they divided equally. The partnership then filed an administrative claim asking for additional attorney fees of $74,808.34. Lange and Foote filed objections to this claim, but did not file a disallowance of the claim pursuant to Neb. Rev. Stat. § 30-2488 (Reissue 1995). The county court for Dodge County, Nebraska, upon a hearing, denied the partnership's claim; an appeal was taken to the district court for Dodge County, which found that the decision of the county court was not clearly erroneous; and the case was further appealed to the Nebraska Court of Appeals, which in a memorandum opinion filed February 5, 1997, affirmed the judgment of the district court which in turn affirmed the judgment of the county court. From this decision, the partnership petitions for further review. We affirm.

## BACKGROUND

The partnership's claim for additional attorney fees was instituted by the filing in the county court of a document entitled "Statement of Administrative Claim." Lange and Foote each filed objections to this claim. Lange and Foote claimed that the partnership's demand for additional attorney fees should be reviewed by the county court pursuant to Neb. Rev. Stat. § 30-2482(1) (Reissue 1995), which states in part:

> After notice to all interested persons or on petition of an interested person or on appropriate motion if administration is supervised, the propriety of employment of any person by a personal representative including any attorney, auditor, investment advisor, or other specialized agent or assistant, the reasonableness of the compensation of any person so employed, or the reasonableness of the compensation determined by the personal representative for his or her own services, may be reviewed by the court.

The burden of proof in a review under § 30-2482 is different from the burden of proof in the claim filed by the partnership, which was filed pursuant to Neb. Rev. Stat. § 30-2486 (Reissue 1995), the probate claims procedure.

The county court conducted a hearing on the partnership's claim for additional fees pursuant to § 30-2482. Lange and Foote produced no evidence, and the partnership put on several witnesses. At the conclusion of the hearing, the county court found that Line and the partnership have been compensated for services rendered and that Lange and Foote were not further obligated. The county court had previously found, in an order dated March 6, 1995, that it would review the partnership's claim pursuant to § 30-2482 and that the probate claims statute, § 30-2486, was not applicable. The county court's decision was appealed to the district court, which found that administrative claims, including claims for attorney fees, are not subject to the claims procedure of § 30-2486; that the evidence clearly supports the trial court's finding that there was no agreement for the payment of additional legal services; that the review of attorney fees was pursuant to § 30-2482; and that the standard of review is for error appearing on the record and that there was no error. The district court, therefore, affirmed the county court's decision.

The Court of Appeals, in its opinion, determined the county court was not clearly wrong in finding that Lange and Foote were not further obligated because there was no further agreement for fees. The Court of Appeals' decision discussed which party has the burden of proof in presentation of this claim. If the claim is brought under § 30-2482, the burden is on the party challenging the reasonableness of the fee (Lange and Foote in this case) to show excessive compensation. *In re Estate of Nicholson*, 241 Neb. 447, 488 N.W.2d 554 (1992). If the claim is brought pursuant to the probate claims procedure, § 30-2486, the burden is on the claimant seeking compensation (the partnership in this case) to prove that it rendered services and the reasonable value thereof. See *In re Estate of Krueger*, 235 Neb. 518, 455 N.W.2d 809 (1990).

## STANDARD OF REVIEW
The judgment of the trial court in an action at law tried to the court without a jury has the effect of a jury verdict and will not be set aside unless clearly wrong. *In re Estate of Bouma. Nehls v. Giles*, 206 Neb. 209, 292 N.W.2d 37 (1980); *In re Estate of Krichau*, 1 Neb. App. 398, 501 N.W.2d 722 (1992).

## ANALYSIS
The burden of proof is determined by the procedure used to review the claim. The county court obviously was proceeding under § 30-2482, yet put the burden of proof on the claimant, the partnership. In this case, however, we find, as did the Court of Appeals, that the partnership did not object to going forward with the evidence, and any objection as to the procedure is, therefore, waived. In a trial to determine the validity of a claim, a county court judge is not required to accept the claimant's evidence even if it is not directly contradicted. *In re Estate of Krichau, supra. Krichau* further held that an appeal from the county court's allowance or disallowance of a claim in probate will be heard as an appeal from an action at law and, further, that in reviewing an action at law, an appellate court reviews the evidence in the light most favorable to the prevailing party. In this case, the trial court and the Court of Appeals found and determined that there was no agreement between the partnership and Lange and Foote for additional fees. This decision is not clearly wrong and will, therefore, be affirmed.

The partnership also claims entitlement under quantum meruit. In this case, there is evidence and the county court found that the $49,500 fee paid to Line and Stock included compensation for representation by the partnership on appeal. As such, the partnership has been fully paid, and its argument as to quantum meruit is without merit.

In this case, the claim was made under § 30-2486, yet the district court and the Court of Appeals held that the claim should proceed under § 30-2482. In order to prevent confusion in the future, we hold prospectively that all claims for attorney fees in probate matters from the date of this opinion forward shall be reviewed by the county court pursuant to § 30-2482 and shall not be submitted as claims under the Nebraska Probate Claims statute, § 30-2486.

AFFIRMED.

WRIGHT, J., not participating.