In re Estate of Lillian M. Tvrz, deceased.
Sandra Tvrz, Personal Representative of the Estate of Lillian M. Tvrz, deceased, appellant,
v. August T. "Ted" Tvrz et al., appellees.

608 N.W.2d 226

Filed April 4, 2000.    No. A-98-1127.

Douglas W. Hand, of Frey & Hand Law Offices, for appellant.

Don Stenberg, Attorney General, Royce N. Harper, and Gerald W. Pankonin, Special Assistant Attorney General, for appellee State.

HANNON, MUES, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Sandra Tvrz (Tvrz), the personal representative of the estate of Lillian M. Tvrz (Lillian), appeals the decision of the Lancaster County Court allowing a claim of the State of Nebraska, Department of Health and Human Services Finance and Support (the Department), for reimbursement of medical payments. Tvrz alleges that the trial court erred in determining that the claim was timely filed. For the reasons stated below, we reverse, and remand with direction to disallow the claim as untimely.

## BACKGROUND

Pursuant to Neb. Rev. Stat. § 68-1036.02 (Reissue 1996), Lillian received medical assistance payments from August 1, 1993, to February 28, 1997, at which time she received an inheritance and no longer qualified for medical assistance. Lillian passed away on January 2, 1998. Tvrz filed an application for informal probate of will and informal appointment of personal representative in Lancaster County Court on February 6. Tvrz was appointed personal representative for Lillian's estate. Creditors were required to file their claims with the court on or before April 17. Notice was published in The Daily Reporter on February 17 and 24, and March 3. On February 19, notice was sent to seven interested parties and seven creditors, including doctors and hospitals. The affidavit of mailing notice stated that after diligent investigation and inquiry, Tvrz was unable to ascertain and did not know the post office address of any other party appearing to have a direct legal interest in the estate other than those to whom notice was mailed. No notice was mailed to the Department.

On July 21, 1998, the Department filed a petition for allowance of claim. An amended petition was filed on July 27. The amended petition alleged that the Department was a credi-

tor of the estate pursuant to § 68-1036.02 as Lillian had received medical assistance from the Department from 1993 to 1997. It further alleged, inter alia, that a claim had been mailed by the Department on or about April 14, to the Lancaster County Court and that the estate's attorney had received a copy of the same. The petition also alleged that no notice of the date for filing claims had been mailed to the Department as required by Neb. Rev. Stat. § 25-520.01 (Reissue 1995), even though Tvrz had actual or constructive knowledge of the debt to the Department because she had dealt with the Department on Lillian's behalf pursuant to a power of attorney for purposes of medical assistance benefits. Thus, the Department asserted it had 3 years to file a claim under § 25-520.01(a)(2). A copy of a claim in the amount of $79,955.01 and dated April 14, 1998, is attached to the petition.

In Tvrz' answer to the Department's amended petition filed on July 31, 1998, she denied knowledge that the Department had a claim against the estate for medical payments and asserted that the claim was barred as it was filed out of time. Tvrz also filed a notice of disallowance of the Department's claim on that same date.

A hearing was held on August 24, 1998. Sharon Butts, a Department estate recovery specialist since November 1997, testified that she is responsible for filing claims for reimbursement for medical assistance benefits from estates. She explained that the Department seeks reimbursement from estates which have assets and where the decedent is over 55, has received medical payments, has no surviving spouse, and has no minor or handicapped surviving children. Butts testified that she received notice of the date for filing claims in Lillian's estate by reading The Daily Record. Butts identified exhibit 1, which is an exact copy of the claim attached to the Department's amended petition, as a copy of the Department's original claim as prepared by her for filing in this estate, which claim she mailed on April 14, 1998.

Butts identified a letter dated July 9, 1998, from Tvrz to the Department in which Tvrz stated that no claim was in the county court file and that thus, the estate would be unable to pay the alleged claim. Butts testified that she received this letter on July 13 and then called the court to verify that there was no claim in

the file. The court informed her there was no claim filed. She testified that the estate's attorney had acknowledged receipt of a copy of the claim in the mail. Once she determined that no claim was on file in the county court, Butts filed the Department's petition for allowance.

Jean Nolte, a Department social service worker, testified that Lillian was her client and that Tvrz had a power of attorney for her. Nolte stated that she performed an annual eligibility review with Tvrz by telephone from 1994 until the case was closed in February 1997. Nolte explained that income, resources, and general information, such as address, were discussed in the annual reviews. Nolte testified that the case was closed because Tvrz informed the Department that Lillian had received an inheritance. She explained that the extent of her contact with Tvrz was the annual reviews by telephone followed by applications for review and signature sent to Tvrz after the telephone conversations.

The county court found that Neb. Rev. Stat. § 30-2485 (Reissue 1995) was controlling, that Tvrz knew the Department was a creditor of the estate, that the act of publication without mailing notice to the Department was not in compliance with § 25-520.01 and Neb. Rev. Stat. § 30-2483 (Reissue 1995), and that thus, the claim could be filed within 3 years. The court allowed the claim as timely. Tvrz appeals.

## ASSIGNMENT OF ERROR

Tvrz alleges that the trial court erred in determining that the estate claim for reimbursement of medical payments by the Department was timely filed under § 30-2485.

## STANDARD OF REVIEW

An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Foxley*, 254 Neb. 204, 575 N.W.2d 150 (1998). An appeal from the county court's allowance or disallowance of a claim in probate will be heard as an appeal from an action at law, and, further, that in reviewing an action at law, an appellate court reviews the evidence in the light most favorable to the prevailing party. *In re Estate of Wagner*, 253 Neb. 498, 571 N.W.2d 76

(1997). See, also, *In re Estate of Krichau*, 1 Neb. App. 398, 501 N.W.2d 722 (1992).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

## DISCUSSION

Section 30-2485 provides, in pertinent part:

(a) All claims against a decedent's estate which arose *before the death* of the decedent, including claims of the state and any subdivision thereof, *whether due or to become due* . . . are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) Within two months after the date of the first publication of notice to creditors if notice is given in compliance with sections 25-520.01 and 30-2483 . . . . If any creditor has a claim against a decedent's estate which arose before the death of the decedent and which was not presented within the time allowed by this subdivision, including any creditor who did not receive notice, such creditor may apply to the court within sixty days after the expiration date provided in this subdivision for additional time and the court, upon good cause shown, may allow further time not to exceed thirty days;

(2) *Within three years after the decedent's death if notice to creditors has not been given in compliance with sections 25-520.01 and 30-2483.*

(b) All claims, other than for administration expenses, against a decedent's estate which *arise at or after the death* of the decedent, including claims of the state and any subdivision thereof . . . are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due;

(2) *Any other claim, within four months after it arises.* (Emphasis supplied.)

Although Tvrz' assignment of error is broad, she focuses her argument on subsection (b) of § 30-2485. Tvrz asserts that the Department's claim under § 68-1036.02 for reimbursement of medical payments did not arise until Lillian's death on January 2, 1998. We have reviewed the statutes and can find no statutes that refer to the liability of a recipient during his or her lifetime. Tvrz contends that the Department's claim falls under § 30-2485(b)(2), giving the Department 4 months after Lillian's death to present its claim. Because the Department's claim was filed more than 4 months after Lillian's death, Tvrz concludes that it should have been disallowed as untimely. The Department contends that the claim arose *before* the death of Lillian and that Tvrz did not comply with §§ 25-520.01 and 30-2483. Therefore, it contends that the trial court correctly found that § 30-2485(a)(2) allowed the Department up to 3 years after Lillian's death to present a claim, thus making its claim timely.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999). Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Id.*

The terms of § 30-2485 are plain and unambiguous. The claim for reimbursement was presented more than 4 months after Lillian's death, and if the claim arose *at or after* her death, it is barred by § 30-2485(b)(2). However, if it arose *before* her death, and notice was not properly mailed, the claim was timely as it was filed within 3 years. We conclude that the claim arose at or after the time of Lillian's death.

Section 68-1036.02 provides, in pertinent part:

> The *estate of a decedent* who has received medical assistance benefits under the medical assistance program established under section 68-1018 *shall be indebted* to the Department of Health and Human Services Finance and

Support for the total amount paid for medical assistance on behalf of the decedent[.]

(Emphasis supplied.)

It is not the recipient who is indebted to the Department, but, rather, the recipient's estate. Obviously, before there can be a recipient's estate, the recipient must die. Thus, there is no indebtedness so long as the recipient is alive. Giving the statutory language its plain and ordinary meaning, a claim by the Department for reimbursement of medical assistance benefits pursuant to § 68-1036.02 is one that necessarily falls within the provisions of § 30-2485(b) as arising "at or after" the death of the decedent who is a recipient of those benefits.

In the present case, there is no allegation of a contract with the personal representative which would make subsection (1) of § 30-2485(b) pertinent. Therefore, only subsection (2) of § 30-2485(b) is applicable. Thus, the claim was barred unless filed within 4 months after the recipient's death. Lillian died on January 2, 1998, and the Department's amended claim for reimbursement of medical assistance benefits was filed on July 27, 1998. The Department did not present a claim within 4 months of January 2, 1998. Under the unambiguous language of §§ 30-2485 and 68-1036.02, the Department's claim was barred as untimely because it was not timely filed.

## CONCLUSION

The Department's claim arose at or after Lillian's death; therefore, the claim is clearly barred by § 30-2485(b)(2) as untimely. As such, the judgment of the trial court is reversed, and the matter is remanded with direction to disallow the claim as untimely.

REVERSED AND REMANDED WITH DIRECTION.

MUES, Judge, concurring.

I concur in the majority's conclusion that the Department's claim was untimely. But I reach that result without deciding whether the claim arose "before" as opposed to "at or after" Lillian's death.

I believe that under either § 30-2485(a) or (b), the Department's claim in the present case is barred. Of course, as

the majority concludes, if the claim arose at or after Lillian's death, subsection (b)(2) clearly bars it as untimely. But, even if it was deemed to have arisen before Lillian's death, the claim was still not presented in a timely manner under subsection (b) *unless* one first concludes that Tvrz failed to comply with §§ 25-520.01 and 30-2483. Only then would the Department get the benefit of the inordinately long 3-year period to file a claim under subsection (a)(2), presumably as retribution because Tvrz failed to give notice to one "appearing to have a direct legal interest in the estate." See § 25-520.01. "Appearing" as used in the statute can mean only as of the time the notice is to be mailed to creditors. I fail to see any evidence to support the finding of the county court that Tvrz knew of this debt to the Department or in any way transgressed the mailing-of-notice provision of the aforementioned statute. Accordingly, in my view, even if this was viewed as a claim that arose *before* Lillian's death, the Department was left with only the provisions of § 30-2485(a)(1), which granted it 2 months after publication of notice to creditors to file its claim, a time period even shorter than that of subsection (b)(2), which the majority concludes is applicable.